Judgment rendered April 5, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,949-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LYNDA B. GAUTHIER                          Plaintiff-Appellant

versus

KYLE ROBINSON and                          Defendants-Appellees
ROBINSON & WILLIAMS, LLC

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 609,215

Honorable Craig O. Marcotte, Judge

* * * * *

LYNDA B. GAUTHIER                          In Proper Person

COOK, YANCEY, KING &                       Counsel for Appellees
GALLOWAY, APLC
By:  James Ashby Davis

* * * * *

Before PITMAN, THOMPSON, and ROBINSON, JJ.

**PITMAN, C. J.**

Plaintiff Lynda Gauthier seeks review of the summary judgment which dismissed her legal malpractice suit against her attorney, Kyle Robinson, and the firm of Robinson & Williams (collectively, "Defendants"). For the following reasons, we affirm.

**FACTS**

Plaintiff's house burned down in December 2015 and was a total loss. She filed a claim against her insurer, State Farm Fire & Casualty Company ("State Farm"), and sought benefits due under policy number 18-B4-S209-1 ("Policy"). The coverages under the Policy included: (Coverage A), coverage for the home itself; (Coverage B), personal property within the home; and (Coverage C), temporary living expenses during the time required to repair or replace the home, subject to the Policy's terms.

After the fire, on January 22, 2016, Plaintiff fell on the exterior stairs of the mobile home that had been rented for her with Coverage C benefits. According to the petition in this legal malpractice case, she first hired the Kitchens law firm to represent her in her suit based on the accident at the mobile home. The file was passed from the Kitchens firm to Patrick Jackson, who filed the lawsuit in Caddo Parish on October 17, 2016, against Foster Homes, LLC (which owned the mobile home and placed it on her property) and State Farm. The lawsuit did not contain allegations about the fire loss claim, even though the petition named State Farm as a defendant and described its Policy.

Plaintiff received several checks from State Farm based on the different coverages under the Policy. On February 3, 2016, under Coverage A, Plaintiff was sent a check for $239,074.89, which was a sum

greater than the ordinary policy limit of $235,500 for such coverage. This sum was to cover the "actual cash value" of her home, i.e., its value minus depreciation for its age, until she actually rebuilt it. She signed an agreement with a contractor to rebuild her home. Had she incurred any additional costs, she would have been entitled to additional payments. However, she never actually rebuilt the home; and, as a result, she was actually overpaid under Coverage A.

Plaintiff was paid a total of $68,056.58 in personal property benefits under Coverage B. State Farm provided her with the information necessary to recover additional sums for property under the Policy, which required her to follow a two-step process. That process was described in Section 1-Conditions, Part 2(c), which concerned the insured's duty after a loss, stating that the insured "shall see that the following duties are performed":

> c. prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory.

Part 2(e)(6) required that the insured submit, within 60 days after the loss, the insured's signed, sworn proof of loss which set forth to the best of her knowledge an inventory of damaged or stolen personal property described in 2(c).

The additional amounts that could have been recovered had she followed the two-step process would be the difference between the actual cash value of the property lost in the fire and the replacement cost of that personal property. Plaintiff submitted an affidavit claiming she had lost over $218,000 worth of property in the fire. The proof required to be submitted within the time limit were receipts showing which property had been

2

replaced and the cost of each item. Plaintiff provided receipts for only $8,612.38 of personal property she replaced.

Plaintiff was provided 12 full months of temporary living expense payments under Coverage C of the Policy at a cost of $2,100 per month. The record reflects that under the Policy she was only entitled to payment for these expenses for the time required to repair or replace the premises, which, when newly built, took 6 months to complete. The contractor with whom she signed a contract to rebuild estimated it would take 4 months. She never did rebuild, but State Farm continued to provide her with temporary living expenses for 12 months. For this reason, State Farm overpaid under Coverage C by $12,600.

Jackson withdrew from the accident case based on a conflict of interest while negotiations for property damage from the fire were still ongoing. In April 2017, Defendants were hired after Jackson withdrew.

Almost a year later, on March 28, 2018, Robinson wrote a letter to Plaintiff and stated that he had mistakenly assumed that the unconditional payment by State Farm for the property damage claim had interrupted prescription. He stated that he now believed he was in error and that she might have a legal malpractice claim against him for failure to file a separate suit for the property damage. He explained that this did not affect her tort claim in any way, that it was scheduled for trial in September 2018 and that, because of his error, he would no longer be able to represent her in that claim. He made a copy of the file for her, informed her of the prescriptive period for filing a legal malpractice claim, and advised her to consult a lawyer as soon as possible for that claim and any other claims she might have.

Plaintiff consulted another attorney for both the tort and malpractice claims. The tort suit was dismissed when the trial court granted summary judgment, which was affirmed by this court. *See Gauthier v. Foster Homes, LLC*, 53,143 (La. App. 2 Cir. 11/20/19), 284 So. 3d 1206.

In June 2018, Plaintiff filed this legal malpractice claim against Defendants and asserted that, in addition to the claims related to her fall at the mobile home, Defendants should have timely filed a claim against State Farm for failing to make payments for fire damage under the Policy. Specifically, Plaintiff alleged she had a valid claim against State Farm for failing to fully pay her under Coverages A, B and C of the Policy and that those claims had now been dismissed because of Defendants' failure to timely assert the claims or amend the petition to assert them.

Defendants answered the suit, denied the allegations and pled as an affirmative defense that their conduct did not cause Plaintiff any loss in the lawsuit against State Farm.

Discovery was conducted and depositions were taken of Plaintiff and her son Aaron Gauthier. After this discovery, Plaintiff's attorney withdrew on September 9, 2019. Plaintiff did not engage another attorney to represent her after that point.

Defendants filed a motion for summary judgment and sought dismissal of the legal malpractice claim on the basis that Plaintiff was unable to prove an essential element of the cause of action of legal malpractice, i.e., a loss of damages caused by the alleged malpractice. The discovery submitted with the motion for summary judgment contained proof of the facts recited above. After the hearing, the trial court granted the summary judgment in part and dismissed Plaintiff's claim to the extent that it was

4

based on alleged underpayments of Coverages A and C. In granting the summary judgment, the trial court found that Plaintiff had actually been overpaid for coverages A and C of the Policy. The trial court denied summary judgment regarding the alleged underpayment of Coverage B and found genuine issues of material fact remained concerning payment for lost property.

More discovery ensued, and Defendants filed a second motion for summary judgment seeking dismissal of the remainder of the suit. The trial court granted the second summary judgment and dismissed the remainder of Plaintiff's suit, finding that even if there was an underpayment under Coverage B, the amount of the overpayments under Coverages A and C exceeded any underpayment under Coverage B. As a result of this determination, the trial court found that Plaintiff was unable to prove a loss from any alleged act of malpractice by Defendants, and her case was dismissed.

Plaintiff files this appeal seeking review of the granting of summary judgment and the dismissal of her suit.

## DISCUSSION

Plaintiff's self-representation began prior to the filing of Defendants' motions for summary judgment and has continued through the appellate process and the filing of the appellate brief. In her assignments of error, Plaintiff argues that the trial court erred in dismissing her legal malpractice suit for a variety of reasons, including its failure to recognize the extent of her claim, failure to accept her affidavit of proof of loss as the value of her lost property, failure to find that Defendants had committed legal

5

malpractice and that the trial court "ignored that there are issues of material fact in dispute."

Defendants contend that Plaintiff has only appealed the second summary judgment based on Coverage B and that she has, therefore, waived any argument regarding Coverages A and C. Further, Defendants argue that the summary judgment in this case was properly granted and that no genuine issues of fact or law remain regarding whether they committed legal malpractice. Defendants also argue that to recover in the legal malpractice suit, Plaintiff has to prove that she would have succeeded in her suit on the Policy coverage against State Farm and that she suffered damages as a result of Defendants' negligence; and she has failed to do so.

Defendants further argue that Plaintiff was fully compensated under the Policy by State Farm and that no further damages are due to her. They assert that, as movers, they met their burden of proof on the motion for summary judgment that Plaintiff would be unable to prevail on an essential element of her claim for malpractice. The burden shifted to Plaintiff, but she has not submitted any evidence in the form of receipts to show her right to recover any more damages from State Farm under Coverage B. Thus, because Plaintiff was unable to provide the proof necessary to show that the alleged malpractice by Defendants caused her any loss, the summary judgment was properly granted.

Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So. 2d 129. A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no

genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.  La. C.C.P. art. 966(A)(3).  Summary judgment procedure is now favored under our law and will be construed to secure the just, speedy and inexpensive determination of every action except those disallowed by La. C.C.P. art. 969.  La. C.C.P. art. 966(A)(2).

La. C.C.P. art. 966(D)(1) states as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

The three essential elements of a legal malpractice case that must be proven are: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. *Costello*, *supra*.  A plaintiff can have no greater rights against attorneys for the negligent handling of a claim than are available in the underlying claim. *Id*.

In the case at bar, Defendants did not have to negate all essential elements of the claim but, rather, only had to point out to the court the absence of factual support for one essential element and that Plaintiff was not entitled to judgment as a matter of law.

Defendants included in their motion for summary judgment all of the pertinent evidence they had to negate the essential element of loss suffered as a result of legal malpractice.  The documentary evidence submitted with the second motion for summary judgment included a copy of the Policy and

7

the deposition testimony of Plaintiff and her son, who was helping her with her claim. It included copies of the list of property for which Plaintiff was claiming compensation along with the amounts she estimated she was owed. Although she had asserted in her affidavit that her property losses were $218,000, she only provided copies of the receipts for replacement of certain items claimed under Coverage B in the amount of $8,612.38. Defendants also provided copies of the checks sent by State Farm showing the amounts Plaintiff had been paid under Coverages A, B and C. The total amount paid exceeded the loss for which she provided evidence.

We have considered all of this evidence *de novo* and find that Defendants have negated the essential element of the claim of legal malpractice that Plaintiff must prove she suffered a loss as a result of their negligence. There are no genuine issues of material fact left to be decided. Plaintiff would be unable to prove her case; therefore, the summary judgment was properly granted and the case dismissed. For these reasons, Plaintiff's assignments of error are without merit.

## CONCLUSION

The judgment in favor of Defendants Kyle Robinson and Robinson & Williams, LLC, and against Plaintiff Lynda B. Gauthier is hereby affirmed. Costs of this appeal are assessed against Plaintiff Lynda B. Gauthier.

**AFFIRMED.**

8